Warner, Chief Justice.
This was a bill filed by the complainants against the defendants, jpraying for an injunction to restrain the collection of a fi. fa., issued from the District Court of the United States for the Northern District of Georgia, out of certain described funds in the hands of the sheriff of Spalding county, *arising from the sale of the property of one Sindall, the defendant in said fi. fa. The Judge refused the injunction prayed for, and the complainants excepted. The main ground of equity alleged in the bill is, that upon the information and belief of the complainants, the judgment obtained in the United District Court, on which the fi. fa. issued, was obtained by collusion and fraud between Thacher & Company and Sindall, the plaintiffs and defendant therein; that Sindall did not, in fact, owe the plaintiffs the debt for which the judgment was rendered. There are two affidavits in the record in relation to that matter: one made by Sindall, the defendant, and the other made by one of the plaintiffs in the fi. fa. The legal presumption is in favor of the fairness and legality of the judgment and execution issued thereon. The complainants attack it upon their information and belief only, and upon the questionable statement of Sindall, the defendant in that judgment. The affidavit of Thacher, one of the plaintiffs in the judgment, states positively that the debt for which it was rendered was due the firm of Thacher & Company by the defendant, Sindall. On this evidence, the presiding Judge in the Court below refused to grant the injunction.
The granting or refusal to grant an injunction is vested by law in the discretion of the Judge of the Superior Court, to whom the application is made, and being so vested, it was manifestly intended that that officer should exercise that discretion, on the statement of facts exhibited to him, and this Court will not interfere with the exercise of that discretion, unless some well established rule of law or principle of equity has been violated, which is not disclosed by the record in this. case.
Let the judgment of the Court below be affirmed.